(R.D. 11352)

Joseph Tanous v. United States

(Decided August 22, 1967)

*Stein & Shostak* for the plaintiff.
*Carl Eardley*, Acting Assistant Attorney General, for the defendant.

Richardson, Judge: The reappraisement appeals enumerated in the Schedule of Reappraisement Appeals annexed hereto and made a part hereof were submitted to the court for decision upon a stipulation which reads:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court:

1. That the merchandise covered by the appeals for reappraisement enumerated on the Schedule of Cases attached hereto and made a part hereof, consists of "Chiclines" Brand bubble chewing gum exported from Mexico to the United States before February 27, 1958.

2. That at the time of exportation of the instant merchandise to the United States, the market value or the price at which such merchandise was freely offered for sale for home consumption in Mexico to all purchasers in the principal markets of Mexico, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the invoiced unit value of 6.50 pesos per 100 tablets (or per kilo), f.o.b. Mexico City, net, packed, plus 1.65 per centum Mexican stamp tax, and that there was no export value for either such or similar merchandise which was higher than said foreign value.

3. That the merchandise and issues involved herein are the same in all material respects as those in *United States* v. *Joseph Tanous*, 53 CCPA 129, C.A.D. 889, Advance Treasury Decisions, Vol. 101, No. 30, page 80, and that the record in said case may be incorporated with the record herein.

4. That the appeals for reappraisement enumerated in the attached Schedule of Cases may be deemed submitted for decision on the foregoing stipulation.

On the agreed facts, I find,

1. That foreign value as that value is defined in 19 U.S.C.A., section 1402(c) (section 402(c), Tariff Act of 1930, as amended) is the proper basis for determination of the value of merchandise cov-

ered by the reappraisement appeals herein and consisting of "Chic-lines" Brand bubble chewing gum.

2. That such value is the invoiced unit value of 6.50 pesos per 100 tablets (or per kilo), f.o.b. Mexico City, net, packed, plus 1.65 per centum Mexican stamp tax.

Judgment will be entered accordingly.